UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK MARVIN SIMMONS,

    Petitioner,

v.                                          Case No. 2:01-cv-27
                                              HON. GORDON J. QUIST

ROBERT KAPTURE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Patrick Marvin Simmons filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assault with intent to do great bodily harm less than murder, in violation of MCL § 750.84. Petitioner was convicted after a plea on October 5, 1998, and was sentenced on November 19, 1998, to a prison term of five to ten years. Petitioner was discharged from prison on August 21, 2006.

        Petitioner raised the following issues in his petition:

        I. Plea was not supported by sufficient evidence, and not accurate, MCR 6.303(D), where defendant expressed his intent was not to hurt or cause injury, and

        II. Ineffective assistance of counsel.

On November 7, 2003, this Court issued judgment dismissing this case, concluding that the plea was not involuntary and that plaintiff received effective assistance of counsel. Petitioner filed a notice of appeal to the 6th Circuit Court of Appeals. The Circuit Court denied a certificate of appealability. The United States Supreme, on August 8, 2005, vacated the Sixth Circuit Judgment and remanded

the case to the Court of Appeals for further consideration in light of *Halbert v. Michigan*, 545 U.S. 605 (2005), which held that persons convicted after a plea have the right to counsel to appeal their convictions. On January 31, 2007, the Sixth Circuit issued its opinion remanding the case to the district court with instructions to grant the writ for the State's failure to appoint counsel and allow petitioner to reargue, with the assistance of appointed counsel, his ineffective assistance of counsel claim and his claim that his plea was not knowing and voluntary.

On February 16, 2007, this Court issued an order granting the writ under the terms provided by the Sixth Circuit opinion. This Court then granted respondent's motion to set aside the February 16, 2007, order on April 6, 2007. The Sixth Circuit on February 15, 2008, in an *en banc* decision, concluded that the decision in *Halbert* could not be retroactively applied in this case. The matter was remanded to the original Sixth Circuit panel for a decision on petitioner's underlying claims of lack of a knowing and voluntary plea and ineffective assistance of counsel. The Sixth Circuit panel then remanded the case back to this Court for consideration of these two claims.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Petitioner argues that his plea was involuntary because he did not state the necessary intent at his plea hearing to support the crime of assault with intent to do great bodily harm less than murder, in violation of MCL § 750.84. Petitioner's claim was rejected when presented on a motion

for relief from judgment. Leave to appeal was denied by the state appellate courts. Although petitioner admits that he lit the victim on fire, petitioner asserts that he never thought the victim would sustain a serious injury.

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the instant case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily.

A plea agreement was entered into between the parties. The prosecutor agreed to dismiss the fourth felony offender charge and recommended a maximum sentence of five to ten years in exchange for a guilty plea on count I. Plea transcript, Docket #22, at 4. Petitioner indicated that he understood the charges against him and the maximum penalties. *Id*. Petitioner understood that he was giving up his right to have a trial, be presumed innocent, have the prosecutor prove guilt, have witnesses appear against him in court, and have his attorney question and cross-examine witnesses. *Id*. at 5-6. Petitioner indicated that he understood that he was giving up his right to call defense witnesses, his right to remain silent, and his right to testify on his own behalf. *Id.* at 7. Petitioner indicated that no other promises had been made to him to induce his plea other than the agreement indicated by the prosecutor. *Id*. Petitioner stated that he understood that he would not be able to claim, in a future proceeding, that his plea was not voluntary. *Id*. at 8.

During the course of the proceeding, there was some difficulty with the factual basis of the plea because petitioner indicated that he did not intend to burn the victim as badly as it turned out and that "it was more like it was as a joke . . . ." *Id*. at 11. At one point, petitioner stated that it was a practical joke and that he did not intend to cause injury. *Id.* Petitioner conceded that he burned the victim because he wanted the victim to wake up. *Id.* at 14. Petitioner conceded that he intentionally lit the victim on fire, but "never had no idea he would burn that bad, no." *Id.* Petitioner stated that he "knew it would burn him." *Id.* Petitioner stated that he did not intend to kill the victim. *Id.* at 15. Petitioner testified: "Well, I know he was going to get burned, but I didn't think I was going to be charged with what I'm charged with. I was quite inebriated at the time, too." *Id.* When the prosecutor asked petitioner if he wanted a trial, petitioner stated:

> No, I mean I did it, but, you know, it just got out of hand, that's all.
> I just don't know why he waited so long from the 5th until the 24th
> to file charges when I was on him all day, every day, until the 8th,
> when I kicked him out, it was the 8th or 9th, the 9th.

*Id.* at 19. After a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily. *See also North Carolina v. Alford*, 400 U.S. 25 (1970). The court accepted the plea. The plea hearing transcript, in the opinion of the undersigned, establishes that petitioner entered a voluntary and knowing plea as required by the Constitution.

To the extent that petitioner argues that the trial court erred by not establishing a proper factual basis for his guilty plea, petitioner has failed to raise a cognizable habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner asserts that he received ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's

alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).

Petitioner asserts that defense counsel was ineffective for failing to investigate and prepare the case for trial. Petitioner asserts that three individuals who were in petitioner's motel room would testify that his action in lighting the victim on fire was simply a joke. However, petitioner pleaded guilty after his attorney negotiated a plea agreement which resulted in dismissal of the fourth felony offender charge. Petitioner asserts that his counsel was ineffective at the plea hearing because counsel entered into evidence a police report to assist the prosecutor in eliciting factual testimony from petitioner to support the plea. It is clear that defense counsel was attempting to convince the court that the plea should be accepted. Under these circumstances, where the plea agreement had been mutually negotiated and petitioner had stated on the record his wish to plead in accordance with the agreement, counsel acted appropriately in representing petitioner. A review of the record establishes that petitioner received effective assistance of counsel.

The trial court rejected the ineffective assistance of counsel claim on a motion for relief from judgment, stating:

> Any knowledge of Mr. Carter must be gleaned from the transcript of the Preliminary Examination. Mr. Carter is listed on the Information as a witness. On prelim Mr. Blystra testified that when defendant lit him on fire Carter, who was drunk, was sleeping on the floor . . . . Defendant Simmons had a long history of criminal activity involving significant acts of violence. His attorney in the plea transcript appears to be eager to aid him in taking advantage of a plea agreement which eliminated the possibility of a life sentence as a 4th felony habitual offender. This is entirely appropriate. She also secured an agreement limiting the minimum sentence below the top of the guidelines. To this court her performance appears to be well within the standards of a competent attorney doing her job by protecting her client's best interests.

Opinion, dated January 28, 2000, Docket #26.

In the opinion of the undersigned, petitioner cannot establish that he received ineffective assistance of counsel.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. In the opinion of the undersigned, the plea transcript establishes that petitioner made a knowing and voluntary plea. Further, the record supports that petitioner received effective assistance of counsel. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                  /s/ Timothy P. Greeley
                                  TIMOTHY P. GREELEY
                                  UNITED STATES MAGISTRATE JUDGE

Dated: April 6, 2009